USCA1 Opinion

 

 September 29, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 94-1395 HECTOR ROMAN GONZALEZ, ET AL., Plaintiffs, Appellants, v. PUERTO RICO ELECTRIC POWER AUTHORITY, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., Senior U.S. District Judge] __________________________ ____________________ Before Selya, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Victoria A. Ferrer-Kerber with whom Law Offices of Ferrer & __________________________ __________________________ Cardona was on brief for appellants. _______ Lilliam Elisa Mendoza Toro, with whom Pedro Toledo was on brief ___________________________ ____________ for appellees. ____________________ ____________________ Per Curiam. This is a diversity action brought in __________ the United States District Court for the District of Puerto Rico for personal injury. Plaintiff, Hector Roman-Gonzalez, as a lark, climbed a guy wire attached to a pole belonging to defendant, Puerto Rico Electric Power Authority. He climbed so high that his head came in contact with the high voltage power line the pole was carrying, and he was severely burned. On the basis of the pleadings, affidavits, and depositions of experts, the court entered summary judgment for defendant, and plaintiff appeals. We affirm, basically adopting the court's comprehensive opinion. After reciting the evidence, the court stated that defendant had established that "no proximate cause exists between any act or omission by PREPA and plaintiff's injuries," even if defendant had been negligent with respect to the guy wire. At first blush this raises a question, since contributory negligence by a plaintiff does not necessarily break the chain of causation. Widow of Davila v. _______________ Water Resources Authority, 90 P.R.R. 316 (1964). However, __________________________ the court's concept was that defendant may have been negligent with respect to a lineman properly at the locus, but not as to plaintiff, who voluntarily trespassed. The court's reasoning was defendant "could not have foreseen that a twenty year-old would climb 23 to 24 feet on a guy wire to amuse himself." "[T]he controlling factor in determining -2- whether [defendant's] actions or inactions are negligent [with respect to plaintiff] is the probability of risk involved." "The Authority could not reasonably have foreseen the situation . . . [which] was too fortuitous to require the electric company to guard against it." We agree. While anything is possible, there must be a limit in a practical world to what conduct must reasonably be foreseen. Small children could not be expected to climb a wire to that height; a man of twenty ought to know the difference between a slack, supporting guy wire openly touchable at ground level, and an electric power line, and that electricity is dangerous. Hence there was no duty to either one to provide a more complex structure. Affirmed. ________ -3-